IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOOKXCHANGE FL, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BOOK RUNNERS, LLC, an Illinois Limited Liability Company, Tobias Kaplan and Andrew McCotter,<br><br>Defendant. | CASE NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, BookXchange FL, LLC ("BookXchange"), by its undersigned counsel and for its Complaint against Defendants Book Runners, LLC ("Book Runners"), Tobias Kaplan ("Kaplan"), and Andrew McCotter ("McCotter" and, collectively with Book Runners and Kaplan, "Defendants") hereby alleges as follows:

## NATURE OF THE CASE

1. This is an action for: (i) breach of contract; (ii) fraud; (iii) tortious interference; and (iv) violations a of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*), arising from Defendant's intentional, willful, and fraudulent schemes (1) to purchase textbooks from BookXchange with no intention of making payments under the contractual "Net 30" terms; (2) to systematically purchase new books from Plaintiff via Amazon's marketplace ("Amazon"), and then return the books, falsely claiming they were "used" or "damaged" in order to damage BookXchange's Amazon seller rating; and (3) to systematically initiate book purchases from BookXchange via Amazon's marketplace, only to cancel the orders while the orders are pending, thus tying up BookXchange's inventory of books,

1

while Defendants to sell their own inventory of the very same books (each of the books collectively, "the Titles at Issue").

## THE PARTIES

2. Plaintiff BookXChange is a limited liability company formed under the laws of the State of Nevada, with its principal place of business at 35 SW 12th Avenue, #105, Dania, FL 33004. BookXchange distributes textbooks throughout the United States.

3. Book Runners is an Illinois limited liability company, with a principal place of business at 4050 N. Rockwell, Chicago, IL 60618. Book Runners buys and resells textbooks. Upon information and belief, Book Runners' customers include McKenzie Books, MBS Textbook Exchange, LLC, and Follett.

4. Tobias Kaplan is an individual residing in Chicago, Illinois, who co-founded Book Runners in 2017.

5. Andrew McCotter is an individual residing in Chicago, Illinois, who co-founded Book Runners in 2017.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction on the following basis: plaintiff BookXchange FL, LLC is a limited liability company under the laws of Nevada with its principal place of business in Dania, Florida. Defendant Book Runners, LLC is a limited liability company with its principal place of business in Chicago, Illinois, defendant Tobias Kaplan is an individual residing in Chicago, Illinois, and defendant Andrew McCotter is an individual residing in Chicago, Illinois. The amount in controversy, without interest and costs, exceeds the sum specified in 28 U.S.C. § 1332.

7.      Venue is proper in this District under 28 U.S.C. §1391(a) and (b), because all defendants reside and conduct business in this District and also because a substantial part of the events or omissions giving rise to the claims occurred in this District.

8.      The Court has personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209(a) because this action arises out of specific activities undertaken by Defendants within the State of Illinois, namely, making, performing, or failing to perform under a contract and related agreements that are substantially connected with Illinois.

9.      This Court also has personal jurisdiction over Defendants pursuant to 735 Ill. Comp. Stat. Ann. 5/2-209(a) because Defendants regularly transacts business within the state of Illinois and because Defendants have regularly and purposefully directed their business activities toward Illinois and its residents and derives substantial revenue from goods used or consumed in Illinois.

## DEFENDANTS' FRAUDULENT PROMISES TO PAY FOR BOOKS

10.     BookXChange, founded in 2014, sells textbooks directly to wholesalers and other book distributors, and through Amazon.

11.     Defendants purchased books from BookXchange on Net 30 terms, but have not paid for them.  Defendants' 2018 purchases total $658,670.41 as follows, as of August 1, 2018:

| Date Issued | Invoice No. | Date Due | Amount | Amount Paid | Days Past Due |
|---|---|---|---|---|---|
| 01/12/2018 | 171208 | 02/12/2018 | $59,270 | $59,270.01 | N/A |
| 01/24/2018 | 171208 | 02/24/2018 | $2,574 | $2,574.00 | N/A |
| 01/26/2018 | 180110BR | 02/25/2018 | $500.00 | $0 | 157 |
| 02/21/2018 | BR-180206 | 03/23/2018 | $34,979.13 | $0 | 131 |
| 02/21/2018 | BR-180129 | 03/23/2018 | $428.75 | $0 | 131 |
| 02/26/2018 | 180226MCF | 03/28/2018 | $45,755.00 | $0 | 126 |
| 03/02/2018 | BR180129 | 04/01/2018 | $48,907.75 | $0 | 122 |
| 03/02/2018 | BR180226 | 04/01/2018 | $22,487.50 | $0 | 122 |
| 03/08/2018 | BR180129 | 04/07/2018 | $29,386.00 | $0 | 116 |
| 03/16/2018 | BR180129 | 04/15/2018 | $21,361.50 | $0 | 108 |

| Date Issued | Invoice No. | Date Due | Amount | Amount Paid | Days Past Due |
|---|---|---|---|---|---|
| 03/22/2018 | BR180129 | 04/21/2018 | $230,944.00 | $0 | 102 |
| 03/29/2018 | BR180322 | 04/28/2018 | $15,191.00 | $0 | 95 |
| 03/29/2018 | BR180123 | 04/28/2018 | $17,230.50 | $0 | 95 |
| 04/04/2018 | BR180129NEW | 05/04/2018 | $30,347.50 | $0 | 89 |
| 04/12/2018 | BR180129 | 05/12/2018 | $186.00 | $0 | 81 |
| 04/16/2018 | BR180416.MCF | 05/16/2018 | $11,467.50 | $0 | 77 |
| 04/20/2018 | BR180410BIL | 05/20/2018 | $381.19 | $0 | 73 |
| 04/27/2018 | BR180410 | 05/27/2018 | $58,457.08 | $0 | 66 |
| 05/01/2018 | 80501BRMCF | 05/31/2018 | $2,691.00 | $0 | 62 |
| 05/18/2018 | BR180129 | 06/17/2018 | $26,125.00 | $0 | 45 |
| Total | | | $658,670.41 | $61,844.01 | |

12. For each of the unpaid transactions, Defendants were required to pay for the books on Net 30 payment terms. "Net 30" is a standard business term which means payment was due in full within 30 days of the date the books were dispatched. BookXchange's invoices explicitly stated payment was due on Net 30 terms.

13. Defendants have not paid for the books that they have received; they owe BookXchange $596,896.40, all of which is well beyond 30 days past due, and some of which is more than 150 days past due.

14. On August 7, 2018, the date of filing, Defendants stated they would wire $81,622.88 for Invoice Nos. 180110BR, BR-180206, BR-180129 and 180226MCF. As of the filing of this complaint, BookXchange has not received the wire. In any event, even with this payment, Defendants still owe BookXchange $515,233.52 for the 14 remaining outstanding invoices, some of which are more than 125 days past due.

15. BookXchange has repeatedly reached out to Defendants for payment, and each time has been rebuffed. Defendants claim to be awaiting payment from their own customers, but refuse to provide a date certain by which payment will be received. BookXchange also asked

4

Defendants to state whether they have been paid for the books BookXchange shipped to Defendants. Defendants declined to answer.

16. On information and belief, Defendants are not in fact waiting for payment from customers on any of the Titles at Issue that are included in the past due invoices.

17. Defendants' statements that they are waiting on payment from customers demonstrates that Defendants never intended to pay BookXchange on Net 30 terms. On information and belief, Defendants knowingly entered into Net 30 terms with BookXchange, despite knowing they could never meet the obligation to pay within 30 days of dispatch. Rather, it was Defendants' intent to either (a) only pay BookXchange when Defendants received payment from their own customer for the same books, more than 30 days after the books were dispatched from BookXchange, or (b) only pay BookXchange when Defendants received payments from one of their own customers, for some other shipment of books, more than 30 days later.

18. BookXchange relied on Defendants' promise to pay on Net 30 terms, to BookXchange's detriment. BookXchange would not have sold books to Defendants if it knew Defendants could not meet the Net 30 payment terms. By shipping inventory to Defendants, BookXchange lost opportunities to sell those books to other customers, who would have paid Net 30 or sooner. The $596,896.40 that Defendants owe BookXchange also represents capital that BookXchange cannot invest in other inventory. Further, July and August are the peak season for selling textbooks, which means that lost opportunities are compounding with each day Defendants haven't paid.

19. To date, Defendants have refused to provide a date certain by which they will pay for the books they purchased.

20. BookXchange timely performed all of its obligations under its agreements with Book Runners, including timely shipping the product Book Runners ordered at the agreed-upon price.

21. Defendants accepted all of the books shipped by BookXchange.

22. On information and belief, Defendants have in fact received payment from their customers for the specific books BookXchange has shipped to Defendants.

**DEFENDANTS' FRAUDULENT AMAZON ORDERS AND RETURNS**

23. Defendants also appear to be targeting BookXchange's Amazon storefront by making false material statements to Amazon, and by systematically making bogus purchases that are not intended to be consummated, to systematically damage BookXchange's business.

24. At one time, BookXchange and Defendants discussed a potential acquisition of Defendants. Ultimately, the parties did not go forward with that transaction. However, as part of the discussions, BookXchange provided its Amazon seller name, *Smart Student*, to Defendants.

25. After learning BookXchange's Amazon seller name, and while withholding nearly $600,000 in payments Defendants owe BookXchange, Defendants damaging BookXchange's status with Amazon by purchasing books from BookXchange's Amazon storefront, and returning those books based on false claims the books were damaged or used.

26. Defendants, through employee "Charles Cate", have made at least the following purchases and returns:

| Date | Order No. | Title | Quantity Purchased | Item Total | Quantity Returned | Amount Refunded | Claimed Reason for Return |
|---|---|---|---|---|---|---|---|
| 05/29/2018 | 114-6097894- | Human Physiology | 23 | $2,389.47 | 15 | $1,558.35 | Product is not as |

6

| Date | Order No. | Title | Quantity Purchased | Item Total | Quantity Returned | Amount Refunded | Claimed Reason for Return |
|---|---|---|---|---|---|---|---|
| | 8689818 | | | | | | described on website / Product damaged or defective prior to shipping |
| 06/13/2018 | 114-6440855-9447443 | Managing Operations Across the Supply Chain | 13 | $1,755.00 | At least 11 | $1,755.00 | Product not as described on website |
| 06/20/2018 | 111-3021458-7821039 | International Business law and its Environment | 35 | $3,678.50 | 35 | $3678.50 | Product not as described on website |
| **Total** | | | **71** | **$7,822.97** | **61** | **$6,991.85** | |

27. As set forth above, over the course of three transactions, Defendants have purchased a total of 71 books, for a total of $7,822.97.

28. Each of the above books was a new book. BookXchange shrink-wrapped and labeled each book before sending it to Amazon's fulfillment center.

29. Defendants returned at least 61 books via Amazon, falsely claiming that the books Defendants received were "used," "damaged or defective prior to shipping" or "not as described on website."

30. Defendants' statements are false statements; BookXchange's books were new, shrink-wrapped, and in good condition.

31. On information and belief, Defendants are systematically, knowingly and intentionally purchasing new books from BookXchange, via Amazon, and then simply returning

7

the books accompanied by a false complaint that the product was "damaged," "defective," "used," or "not as described."

32. Upon information and belief, Defendants, through their Amazon account "Tome Dealers," have also damaging BookXchange's business by systematically making bogus purchases from BookXchange's Amazon storefront, and then cancelling the order while the order is pending. This holds up BookXchange's inventory of books, allowing Defendants to sell their own inventory of the very same books. Defendants' actions cause Amazon to flag BookXchange's books as "sold", and therefore offer the "next" consumer books from another seller, which is frequently "Tome Dealers."

33. Upon information and belief, Defendants are taking advantage of the period of time where a credit card is being "verified", which can take up to a week. During this time, the books that are included in the order are put on "hold" and cannot be purchased by other consumers. If an order is cancelled during this time period (or rejected) the inventory is unfrozen.

34. On August 6, 2018 alone, the following purchases appeared on BookXchange's seller account:

| Date | Order No. | Title | Quantity of Books Purchased | Unit Price | Item Total |
|---|---|---|---|---|---|
| 08/06/2018 | 114-0258321-0774622 | Nutrition: Concepts and Controversies – Standalone book | 40 | $110.00 | $4400.00 |
| 08/06/2018 | 114-2009150-5688246 | Personality | 33 | $130.00 | $4,290.00 |
| 08/06/2018 | 114-1799370-3505832 | Programming with Microsoft Visual Basic | 32 | $110.00 | $3520.00 |

8

| Date | Order No. | Title | Quantity of Books Purchased | Unit Price | Item Total |
|---|---|---|---|---|---|
| | | 2017 | | | |
| 08/06/2018 | 114-1574545-5822653 | Adult Development and Aging | 31 | $120.00 | $3720.00 |
| 08/06/2018 | 114-1648093-9184247 | New Perspectives Microsoft Office 365 & Office 2016: Introductory, Spiral bound Version | 27 | $100.00 | $2700.00 |
| 08/06/2018 | 114-7168270-5998625 | Services Marketing: Integrating Customer Focus Across the Firm | 11 | $125.00 | $1375.00 |
| 08/06/2018 | 111-2043731-1010611 | Fundamentals of Biochemestry: Life at the Molecular Level | 8 | $165.00 | $520.00 |
| 08/06/2018 | 114-6156942-5517820 | Research Methods for Criminal Justice and Criminology | 6 | $115.00 | $690.00 |
| Total | N/A | | 165 | N/A | $18,215.00 |

In each instance, "Tome Dealers" became the default seller in Amazon's "buy box" when these orders were placed. As of August 7, 2018, these orders were still pending or cancelled.

35. As set forth above, over the course of seven transactions on August 6 alone, Defendants have "tied up" $18,215.00 worth of BookXchange inventory on Amazon, in an effort to harm BookXchange and direct consumers to its own listing of the very same books.

9

36. For each of the pending orders, Defendants are selling the same titles via its Amazon storefront, Tome Dealers.

37. Defendants have engaged in the above-described conduct willfully and deliberately and with blatant disregard for BookXchange's rights. On information and belief, Defendants have specifically *targeted* BookXchange, in an effort to damage BookXchange's Amazon rating, or to have BookXchange barred from selling books on Amazon, and drive consumers towards Defendants' own listings.

38. As a result of Defendants' actions, BookXchange's Amazon storefront was temporarily shut down.

39. Upon information and belief, Defendants attack other competitors' Amazon storefronts in the same manner.

40. Upon information and belief, Defendants attack competitors' Amazon storefronts by initiating a purchase of the competitor's inventory, thereby rendering that inventory "unavailable" in Amazon's system, and later cancelling the purchase. On information and belief, this benefits Defendants because Amazon will then sell Defendants' books if it believes Defendants' competitors' inventory to be "unavailable."

41. As a result of Defendants purchase/cancel scheme, Defendants' competitors, including BookXchange, are forced to miss out on sales opportunities because their books are "held up" in Amazon's system.

42. As a result Defendants' fraudulent scheme, BookXchange has been damaged, and will continue to be damaged, unless Defendants are enjoined by this Court.

43. As a result of Defendants' fraudulent scheme, BookXchange has lost revenue to which it is entitled for the sale of genuine, new books.

44. As a result of Defendants' fraudulent actions, BookXchange has lost tens of thousands of dollars per day in daily revenue from sales of books on the Amazon marketplace between July 30, 2018 and August 2, 2018. Moreover, BookXchange's potential lost revenue is even greater as it is currently "peak" season for the sale of textbooks – as students are gearing up to return to school, whereupon BookXchange's average daily revenue is significantly higher than usual.

45. As the direct and proximate result of Defendants' fraud and breach of contract, BookXchange has suffered and will continue to suffer actual injury and the loss of money owed from its sale of books to Defendants.

46. Unless enjoined, Defendants' scheme will continue to cause great, immediate, and irreparable injury to BookXchange, including irreparable injury to its reputation and goodwill.

## COUNT I
## BREACH OF CONTRACT

47. BookXchange repeats and realleges each of preceding paragraphs as if fully stated herein.

48. Defendants' purchases of books from BookXchange in exchange for payment on a Net 30 basis constitute valid and enforceable contracts.

49. The contracts, among other things, required Defendants to pay BookXchange for the purchased books within 30 days after the books were dispatched.

50. Defendants have continued to breach the agreements by failing to meet their obligation to pay BookXchange within 30 days after the books were dispatched.

51. BookXchange has performed all of its obligations under its agreements with Defendants.

52. Defendants accepted the books delivered by BookXchange.

53. As a direct and proximate result of Defendants continuing breaches, BookXchange has suffered and will continue to suffer damage. These damages include, without limitation, the $596,866.99 unpaid invoices, and further incidental damages.

54. On information and belief, Defendants Andrew McCotter and Tobias Kaplan personally decided to enter into these contracts with BookXchange, knowing full well that neither they nor Book Runners had any intent or ability to pay BookXchange on Net 30 terms.

55. On information and belief, Defendants Andrew McCotter and Tobias Kaplan operate Book Runners in an insolvent fashion, and have undercapitalized Book Runners, as illustrated by their refusal to pay for goods they have received. On further information and belief, Defendants Andrew McCotter and Tobias Kaplan run Book Runners as a mere front to engage in fraud and to avoid liability for intentional, willful breaches of contract.

## COUNT II
## FRAUD

56. BookXchange repeats and realleges each of the preceding paragraphs as if fully stated herein.

57. Defendants intentionally orchestrated fraudulent schemes to (1) purchase books from BookXchange with no intention of making payments under the contractual "Net 30" terms; (2) systematically purchase new books from BookXchange's Amazon storefront, and then return the books, falsely claiming they were "used" or "damaged" in order to damage BookXchange's Amazon seller rating; and (3) systematically initiate book purchases from BookXchange's Amazon storefront, only to cancel the orders while payment is pending, thus tying up BookXchange's inventory of books, while Defendants to sell their own inventory of the very same books.

58. Defendants entered into contracts for purchasing textbooks with full knowledge of BookXchange's Net 30 terms, which are printed on each invoice, with fraudulent intent; Defendants never had any plan to comply with the Net 30 terms. When BookXchange questioned Defendants' past-due payments, Defendants made further false statements with the intent of concealing their original fraudulent inducement.

59. BookXchange justifiably and reasonably relied upon Defendants' acceptance of BookXchange's payment terms and invoices.

60. Defendants falsely represented to Amazon that the books sold by BookXchange were damaged, used, or not as advertised, when in fact they were undamaged, new, or as advertised.

61. Amazon justifiably and reasonably relied on Defendants false and misleading statements and deceptive conduct to BookXchange's detriment, in that BookXchange was temporarily barred from selling books on Amazon.

62. Defendants made bogus purchase of books from BookXchange's Amazon marketplace, using credit cards or other payment methods they knew would not clear for several days, and then canceled the orders altogether before payment could clear.

63. Amazon justifiably and reasonably relied on Defendants false and misleading statements and deceptive conduct to BookXchange's detriment, in that BookXchange's books that were part of the "fake" orders were placed on "hold," and as a result BookXchange was not able to sell these books to legitimate consumers.

64. As a direct and proximate cause of Defendants' fraudulent schemes and false statements, BookXchange has suffered, and continues to suffer damages in the amount to be proved at trial, including but not limited to lost sales and lost opportunities.

65. On information and belief, Defendants Andrew McCotter and Tobias Kaplan personally engaged in these fraudulent schemes, personally made at least some of the false statements set forth herein, and/or personally directed that the false statements be made (for example, by their employee Charles Cate).

66. On information and belief, Defendants Andrew McCotter and Tobias Kaplan operate Book Runners in an insolvent fashion, and have undercapitalized Book Runners, as illustrated by their refusal to pay for goods they have received. On further information and belief, Defendants Andrew McCotter and Tobias Kaplan run Book Runners as a mere front to engage in fraud and to avoid liability for intentional, willful breaches of contract.

67. On information and belief, Defendants use their own personal names and addresses in furtherance of their fraud.

## COUNT III
## TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

68. BookXchange repeats and realleges each of the allegations contained in the preceding as if fully stated herein.

69. At all relevant times, BookXchange has had a business relationship with Amazon to sell books via Amazon's marketplace.

70. At all relevant times, BookXchange has reasonably expected that its business relationship with Amazon would continue.

71. Defendants knew and were aware of the business relationship between BookXchange and Amazon.

72. Defendants intentionally, willfully, and without justification interfered with BookXchange's business relationship with Amazon by wrongfully and improperly claiming that

the books sold by BookXchange via Amazon were "used" and/or "damaged", when they were in fact new and undamaged.

73. Defendants' purposeful and improper interference has had the desired effect, as Amazon has barred BookXchange from selling books on its marketplace.

74. BookXchange has suffered, and will continue to suffer, irreparable harm as the result of Defendants interference with its business relationships.

75. As a direct and proximate result of Defendants' wrongful acts, BookXchange has suffered damages in an amount to be determined at trial.

76. On information and belief, Defendants Andrew McCotter and Tobias Kaplan personally engaged in these fraudulent schemes, personally made at least some of the false statements set forth herein, and/or personally directed that the false statements be made (for example, by their employee Charles Cate).

77. On information and belief, Defendants Andrew McCotter and Tobias Kaplan operate Book Runners in an insolvent fashion, and have undercapitalized Book Runners, as illustrated by their refusal to pay for goods they have received. On further information and belief, Defendants Andrew McCotter and Tobias Kaplan run Book Runners as a mere front to engage in fraud and to avoid liability for intentional, willful breaches of contract.

78. On information and belief, Defendants use their own personal names and addresses in furtherance of their fraud.

## COUNT IV
## TORTIOUS INTERFERENCE WITH A CONTRACT

79. BookXchange repeats and realleges each of the allegations contained in the preceding as if fully stated herein.

80. BookXchange has a valid and enforceable agreement with Amazon to sell books via the Amazon marketplace.

81. At all times relevant, Defendants were aware of this arrangement and contractual relationship.

82. Beginning in late 2017, Defendants engaged intentionally, willfully, and without justification interfered with BookXchange's contract Amazon by wrongfully and improperly claiming that the books sold by BookXchange via Amazon were "used" and/or "damaged", when they were in fact new and undamaged.

83. In making the false and misleading representations relating to the allegedly quality of BookXchange's books, Defendants intentionally and unjustifiably interfered with BookXchange's contractual relationships with Amazon, and induced Amazon to terminate its contractual relationship with BookXchange, by barring BookXchange from selling books in its marketplace.

84. Defendants interfered with this contractual relationship in an attempt to gain a competitive advantage and with the malicious intent to cause harm to BookXchange.

85. As a direct and proximate result of Defendants' willful and intentional interference with this contractual relationship, Amazon suspended its contract with BookXchange and temporarily barred BookXchange from selling books via the Amazon marketplace.

86. Defendants acted willfully and maliciously in interfering with BookXchange's contractual relationship as set forth herein.

87. On information and belief, Defendants Andrew McCotter and Tobias Kaplan personally engaged in these fraudulent schemes, personally made at least some of the false

statements set forth herein, and/or personally directed that the false statements be made (for example, by their employee Charles Cate).

88. On information and belief, Defendants Andrew McCotter and Tobias Kaplan operate Book Runners in an insolvent fashion, and have undercapitalized Book Runners, as illustrated by their refusal to pay for goods they have received. On further information and belief, Defendants Andrew McCotter and Tobias Kaplan run Book Runners as a mere front to engage in fraud and to avoid liability for intentional, willful breaches of contract.

89. On information and belief, Defendants use their own personal names and addresses in furtherance of their fraud.

## COUNT V
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT 815 ILCS 505/1 *et seq*.)

90. BookXchange repeats and realleges each of the preceding paragraphs as if fully stated herein.

91. The acts of Defendants complained of herein constitute fraud and deceptive business practices in violation of 815 ILCS 505/1 *et seq*.

92. Particularly, Defendants' fraud includes agreeing to pay for books on Net 30 terms when Defendants have no intent to pay on such terms, making false statements in connection with the return of books on Amazon, and initiating and then cancelling purchases of books on Amazon in order to manipulate what items are available for sale.

93. Defendants' actions are deliberate and willful.

94. BookXchange has sustained injury, damage, and loss in Illinois based on Defendants' actions. Defendants' actions directly or indirectly affected Illinois.

95. BookXchange is entitled to recover its reasonable attorneys' fees and costs pursuant to 815 ILCS § 505/10a.

96. On information and belief, Defendants Andrew McCotter and Tobias Kaplan personally engaged in these fraudulent schemes, personally made at least some of the false statements set forth herein, and/or personally directed that the false statements be made (for example, by their employee Charles Cate).

97. On information and belief, Defendants Andrew McCotter and Tobias Kaplan operate Book Runners in an insolvent fashion, and have undercapitalized Book Runners, as illustrated by their refusal to pay for goods they have received.  On further information and belief, Defendants Andrew McCotter and Tobias Kaplan run Book Runners as a mere front to engage in fraud and to avoid liability for intentional, willful breaches of contract.

98. On information and belief, Defendants use their own personal names and addresses in furtherance of their fraud.

## JURY DEMAND

BookXchange demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, BookXchange respectfully requests entry of judgment in its favor and against Defendants as follows:

(a) An order compelling Defendants to pay $596,866.99 in unpaid invoices plus interest and incidental damages;

(b) An order compelling Defendants to pay interest on Defendants' overdue invoices, collection costs, including attorneys' fees, incurred in collecting on such overdue invoices, and damages for lost opportunity costs;

(c) An order enjoining Defendants from continuing to purchase (whether completed or not) any books from BookXchange via Amazon;

(d) That BookXchange be awarded punitive damages in view of Defendants' wanton and deliberate illegal acts committed with oppression, fraud, or malice;

(e) That Defendants be required to disgorge their profits and other ill-gotten gains;

(f) Award BookXchange all of its attorneys' fees incurred in connection with this action pursuant to the terms of the Agreement; and

(g) An order granting Defendants such additional and further relief as this Court deems necessary or appropriate.

Dated: August 7, 2018                         **GREENBERG TRAURIG, LLP.**

By: /s/ *Cameron M. Nelson*
Cameron M. Nelson
Michael R. Friedman
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel.: 312.456.8400
Fax: 312.456.8435
nelson@gtlaw.com
friedmanm@gtlaw.com

*Attorneys for Plaintiff BookXchange FL, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 7th day of August 2018, a copy of the foregoing ***Complaint*** was served electronically by e-mail, and will be hand delivered on the morning of August 8, 2018.

                */s/ Michael R. Friedman*
                Greenberg Traurig, LLP